William H. Sayre v. Commissioner.
Sayre v. Commissioner
Docket No. 47881.
United States Tax Court
T.C. Memo 1955-20; 1955 Tax Ct. Memo LEXIS 319; 14 T.C.M. (CCH) 75; T.C.M. (RIA) 55020; January 28, 1955
*319 William H. Sayre, 3606 Spring Garden Street, Philadelphia, Pa., pro se. Edward Pesin, Jr., Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The respondent determined a deficiency of $117 in the income tax of petitioner for 1949. The only issue for determination is the correctness of the respondent's action in determining that petitioner did not furnish over one-half of the support of his sister during the year and, accordingly, disallowing an exemption of $600 taken by petitioner on account of his sister. Findings of Fact During 1949 the petitioner resided in Philadelphia, Pennsylvania, and his income tax return for that year was filed with the collector for the first district of Pennsylvania. Prior to her husband's death in 1943, as well as afterwards, petitioner's sister, Mrs. Vida Sayre Kift, engaged in nursing. For a number of years prior to 1949 she resided in a home she owned in Muncie, Pennsylvania. In January 1948, while engaged in nursing at the Baltimore City Hospital, Baltimore, Maryland, she broke her leg in a fall. Following an operation for the injury, her recovery appeared to be satisfactory. However, during *320 the summer of 1948 further surgery became necessary. Following it, her condition was fairly good and she was employed for a number of weeks. Subsequently, trouble developed in a joint of the leg which had been broken, and by the early part of 1949 she was able to get around in her home only with considerable effort. At that time she had two sons, about 28 and 25 years of age, respectively, one of whom was married. They were attending college about 75 miles away from Muncie. On some week ends one or both of them visited her. On other week ends petitioner visited her. At petitioner's suggestion his sister and her sons decided during the first part of 1949 that the desirable course to pursue was for the sister to have another operation which would require a period of convalescence extending over about a year or longer, and that she would stay with petitioner in Philadelphia during her convalescence. Thereafter she arranged for and had the operation at a hospital in Danville, Pennsylvania. Following the operation she remained at the hospital about a month. She then returned to her home in Muncie for a short time. During August 1949 she came to Philadelphia and stayed in an apartment *321 with petitioner throughout the remainder of the year. After his sister came to stay with him petitioner furnished her meals and lodging, and paid for two or three nightgowns and perhaps two dresses for her. Petitioner bore no part of her medical and hospital expenses in 1949. These were paid by her out of her own funds. In his income tax return for 1949 the petitioner took an exemption of $600 on account of his sister. Respondent determined that during 1949 petitioner did not furnish over one-half of the support of his sister and denied the exemption claimed. Opinion The petitioner's position, as stated at the hearing, is that during 1949 his sister was dependent on him and that he supplied a major part, or nearly all of, her support for that year. Petitioner testified that from the beginning of 1949 until during August 1949 when his sister came to stay with him he bore nearly all the expenses she incurred at her own home, and that after she came to stay with him he bore all the expenses of the "joint household arrangement." The record is silent as to the total amount, or the approximate total amount, expended by petitioner's sister and others for her support during the year. *322 Petitioner kept no record of the amounts expended by him for her support, did not know what amount he expended for that purpose, and stated that he did not know what an approximation of the amount would be. Concededly, petitioner's sister had medical and hospital expenses during the year which she paid herself. Petitioner admitted that he had no knowledge of the amount of such expenses. Such being the state of the record, we are unable to find that during 1949 petitioner's sister received over half of her support from him. Accordingly, the respondent's action is sustained. Decision will be entered for the respondent.